**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

JOHN HEUSKIN,

        Plaintiff,

v.                                           Civ. No. 19-957 MV/GBW

D&E TRANSPORT, LLC and
LOOMIS BYRON IVEY,

        Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL

THIS MATTER comes before the Court on Defendant D&E Transport, LLC's

First Motion to Compel Against Plaintiff John Heuskin. *Doc. 23*. For the reasons that

follow, Defendant's Motion will be GRANTED IN PART and DENIED IN PART.

### I.    BACKGROUND

Defendant asks the Court to compel complete responses to twenty-one discovery

requests: twelve interrogatories and nine requests for production. Defendant first

served Plaintiff with the relevant discovery requests on November 14, 2019. *Doc. 23* at

2. Plaintiff served his responses, which included a number of objections, on December

23, 2019. *Doc. 23-1*. Defendant corresponded with Plaintiff on January 2, 2020, notifying

Plaintiff that his responses were "substantially deficient" and requesting that he

supplement them no later than January 8, 2020. *Doc. 23-2*. Plaintiff supplemented his

responses on January 8, 2020, *see doc. 24-2*, and again on February 11, 2020, *see doc. 23-3*. The February 11 supplementation was comprehensive, addressing all interrogatories and requests for production for which Plaintiff had initially provided responses. It "removed multiple objections to responses while maintaining others." *Doc. 24* at 2. Therefore, the Court will consider only Plaintiff's updated responses in deciding Defendant's motion.

Defendant filed this motion to compel on February 12, 2020. *Doc. 23*. Plaintiff responded on February 26, 2020, and Defendant replied on March 11, 2020. *Docs. 24*, *27*. The motion is now properly before the Court.

## II. STANDARD OF REVIEW

Defendant's motion concerns the validity of a number of objections made by Plaintiff to their discovery requests. The Federal Rules of Civil Procedure provide, generally:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P 26(b)(1). Evidence is relevant if it has any tendency to make a material fact more or less probable. Fed. R. Evid. 401. Information "need not be admissible in evidence to be discoverable," Fed R. Civ. P. 26(b)(1), and discovery rules "are to be

accorded a broad and liberal treatment," *Herbert v. Lando*, 441 U.S. 153, 177 (1979).

However, "Rule 26 vests the trial judge with broad discretion to tailor discovery

narrowly." *Murphy v. Deloitte & Touche Group Ins. Plan*, 619 F.3d 1151, 1163 (10th Cir.

2010) (quoting *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998)).

Where one party improperly fails to respond to another party's discovery

requests, the requesting party may move to compel disclosure and for appropriate

sanctions. Fed. R. Civ. P. 37(a)(3)(A). "[A]n evasive or incomplete disclosure, answer,

or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P.

37(a)(4).

Federal Rule of Civil Procedure 33 governs interrogatories to parties. "Each

interrogatory must, to the extent it is not objected to, be answered separately and fully

in writing under oath." Fed. R. Civ. P. 33(b)(3). Where the responding party objects,

the grounds for such objection "must be stated with specificity." Fed. R. Civ. P. 33(b)(4).

Objections not timely made are waived. *Id*. Plaintiff states in his supplemental answers

that they are submitted "without intending to waive," and that he "expressly reserves

the right to change, modify, supplement, or clarify these responses and objections at

any time before trial." *Doc. 23-3* at 1. Such disclaimer notwithstanding, a "unilateral

declaration that no objections are waived will not be allowed to displace the command

of Rule 33 that the party either answer fully or object." *D.J. Simmons, Inc. v. Broaddus*,

2001 WL 37125080, at *3 (D.N.M. July 10, 2001) (unpublished) (quoting *Dollar v. Long Mfg., N. C., Inc.*, 561 F.2d 613, 617 (5th Cir. 1977)).

Federal Rule of Civil Procedure 34 provides for the production of documents, electronically stored information, and tangible things in response to a party's discovery request. Requests for production should "describe with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. P. 34(b)(1)(A). In practice, this directive means that "a discovery request should be sufficiently definite and limited in scope that it can be said 'to apprise a person of ordinary intelligence what documents are required and [to enable] the court . . . to ascertain whether the requested documents have been produced.'" *Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 649–50 (10th Cir. 2008) (quoting Wright & Miller, 8A Fed. Practice & Procedure § 2211, at 415). A proper response "must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). In doing so, the party must also "state whether any responsive materials are being withheld" on the basis of the objection. Fed. R. Civ. P. 34(b)(2)(C). The responding party "need not produce the same electronically stored information in more than one form." Fed. R. Civ. P. 34(b)(2)(E)(iii).

### III.    OBJECTIONS TO DISCOVERY REQUESTS GENERALLY

### **Boilerplate Objections**

As noted previously, objections to a discovery request must be stated with specificity.  "Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all."  *D.J. Simmons, Inc. v. Broaddus*, 2001 WL 37125080, at *3 (D.N.M. Jul. 10, 2001) (unpublished) (quoting *Walker v. Lakewood Condominium Owners Ass'n*, 186 F.R.D. 584, 586–87 (C.D. Cal. 1999)).  *See also Steed v. EverHome Mortg. Co.*, 308 F. App'x 364, 371 (11th Cir. 2009) (unpublished) ("[B]oilerplate objections may border on a frivolous response to discovery requests.").  Courts have broadly agreed that:

> A party opposing a discovery request cannot make conclusory allegations that a request is irrelevant, immaterial, unduly burdensome, or overly broad.  Instead the party, resisting discovery must show specifically how each discovery request is irrelevant, immaterial, unduly burdensome or overly broad.

*Gheesling v. Chater*, 162 F.R.D. 649, 650 (D. Kan. 1995) (citing *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1484–85 (5th Cir. 1990); *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985); *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982)).

### **"Marshal-the-Evidence" Objections**

Generally, it is not a cognizable objection to a discovery request to allege that the request requires the responding party to "marshal the evidence."  *See, e.g., McKellips v. Kumho Tire Co.*, 305 F.R.D. 655, 682 (D. Kan. 2015).  However, "blockbuster" narrative

interrogatories, which "require the responding party to provide the equivalent of a narrative of its entire case together with identification of virtually all supporting evidence for each and every fact," are disfavored. *EEOC v. BNSF Ry. Co.*, 2014 WL 2589182, at *1 (D. Kan. June 10, 2014) (quoting *High Point SARL v. Sprint Nextel Corp.*, 2011 WL 4036424, at *19 (D. Kan. Sept. 12, 2011)).

**Objections Based on Prematurity of Request**

Generally, both interrogatories and requests for production must be answered within thirty days of being served. Fed. R. Civ. P. 33(b)(2); Fed R. Civ. P. 34(b)(2)(A). The Federal Rules provide that in the case of "contention" interrogatories (interrogatories that ask for an opinion or contention relating to fact or the application of law to fact), the court "may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time." Fed. R. Civ. P. 33(a)(2). However, even contention interrogatories must be timely answered unless the court finds a compelling justification for delay. *See Pouncil v. Branch Law Firm*, 277 F.R.D. 642, 649–50 (D. Kan. 2011) (finding "no persuasive reason for Defendants to defer their answers" to interrogatories); *Anaya v. CBS Broadcasting Inc.*, 2007 WL 2219458, at *9 (D.N.M. May 16, 2007) (unpublished) (overruling an objection of prematurity and noting plaintiff's "duty to provide [defendants] with the most complete answers to her knowledge at this time").

**Responses by Reference to Interrogatories**

The Federal Rules require responding parties to answer interrogatories "separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). Responses by reference to another document are therefore insufficient. *See*, *e.g.*, *Yazzie v. Law Offices of Farrell & Seldin*, 2010 WL 11450784, at *2 (D.N.M. Oct. 1, 2010) (unpublished) (citing *Pilling v. Gen. Motors Corp.*, 45 F.R.D. 366, 369 (D. Utah 1968)) ("While a party may incorporate by reference prior answers to interrogatories to avoid duplication, it may not do so by referring to documents outside the answers."); *Pham v. Hartford Fire Ins. Co.*, 193 F.R.D. 659, 663 (D. Colo. 2000); *Starlight Int'l Inc. v. Herlihy*, 186 F.R.D. 626, 640 (D. Kan. 1999).

## IV. PLAINTIFF'S INTERROGATORY RESPONSES AND OBJECTIONS

**Interrogatory No. 4**

Defendant's Interrogatory No. 4 asked Plaintiff to "generally describe how the incident made [sic] the basis of this lawsuit occurred." *Doc. 23-3 at 3.* In his supplemental responses, Plaintiff objected to the request as overly broad, vague, unduly burdensome, and requiring Plaintiff to "marshal his evidence." Subject to those objections, Plaintiff answered: "Plaintiff's vehicle was forcibly rear-ended by Defendants' vehicle." *Id.*

The Court notes at the outset that, pursuant to the Local Rules, a "motion, response or reply must cite authority in support of the legal positions advanced."

D.N.M.LR-Civ. 7.3(a).  Both Plaintiff's discovery responses and his briefing exemplify a marked failure to cite any legal authority in support of his arguments.  However, instead of granting Defendant's motion on that basis, the Court will briefly consider Plaintiff's unsupported objections.

As explained above, the bare assertion that a discovery request requires "marshaling of evidence" does not constitute a valid objection.  While overbreadth, vagueness, and disproportionality are legally cognizable objections to an interrogatory, Plaintiff does not explain how or why Interrogatory No. 4 fits in any of these categories.  Therefore, the Court construes these as non-specific, "boilerplate"-style objections that are equivalent to making no objection at all.  In any event, it is difficult to imagine how a simple, factual question about the events underlying Plaintiff's suit could be overbroad, vague, or unduly burdensome.  Plaintiff's objections are therefore overruled.

His objections notwithstanding, Plaintiff provided a response to Interrogatory No. 4.  Defendant alleges that this response is "materially deficient."  *Doc. 23* at 5.  The Court disagrees.  Defendant asked Plaintiff, "generally," to describe the events forming the basis of his suit.  Plaintiff provided a general response—namely, that his vehicle was forcibly rear-ended by Defendants'.  While this constitutes a minimal and admittedly disappointing answer to Defendant's interrogatory, the Court does not find that it is legally deficient.

It is unclear whether Plaintiff's one-sentence response represents a complete answer to Defendant's interrogatory, or whether some additional information has been withheld on the basis of his unsubstantiated objections. A party responding to a discovery request should "affirmatively explain whether any responsive information or documents have been withheld." *Heller v. City of Dallas*, 303 F.R.D. 466, 487 (N.D. Tex. 2014). To the extent that Plaintiff withheld any information on the basis of his objections, the Court will GRANT Defendant's motion and compel him to supplement his response. If the response provided on February 11, 2020 represents Plaintiff's full and complete answer to Interrogatory No. 4, Plaintiff must certify it as such.

### Interrogatory No. 5

This interrogatory asked Plaintiff to:

State the factual bases for your allegations that Defendants were negligent or otherwise at fault and caused your alleged injuries. Your answer should identify each named Defendants' [sic] specific alleged acts and/or omissions that you contend caused your alleged injuries.

*Doc. 23-3* at 3. Again Plaintiff objected that the request was overly broad, unduly burdensome, and required Plaintiff to "marshal his evidence." These objections were not explained or substantiated, and are therefore overruled for the same reasons outlined with respect to Interrogatory No. 4.

Plaintiff also stated in response that he "will rely upon expert testimony regarding liability," and referred Defendant "to his live petition, and the police report produced in this matter." *Id*. Plaintiff argues in his briefing that "Defendant's motion

ignores the substance of Plaintiff's response that directs Defendant to the police report .

. . that describes how the incident occurred, as well as Plaintiff's complaint which also

sets forth additional details[.]" *Doc. 24* at 5.  As previously explained, however,

responding to an interrogatory by reference to outside documents is unacceptable.

Rather than directing Defendant to his complaint or a produced police report, the

Federal Rules require Plaintiff to "separately and fully" answer each interrogatory in

writing.  Plaintiff is, of course, free to supplement his answer to Interrogatory No. 5

once his expert witnesses have been designated.  In the meantime, however, the Court

sees no reason to defer Plaintiff's answering the question to the best of his current

ability.  The Court will therefore GRANT Defendant's motion to compel with respect to

Interrogatory No. 5.

**Interrogatory No. 6**

Interrogatory No. 6 asked Plaintiff for his work history since January 1, 2009,

including employer name/address, supervisor name, rate of pay, and reason for leaving

for each listed employment.  *Doc. 23-3* at 3.  Plaintiff objected to the request as overly

broad and not reasonably calculated to lead to the discovery of admissible evidence.[1]

---

[1] The language "reasonably calculated to lead to the discovery of admissible evidence" was deleted from Rule 26(b)(1) by a 2015 amendment.  *See* Fed. R. Civ. P. 26, Notes of Advisory Committee (noting that "[t]he phrase has been used by some, incorrectly, to define the scope of discovery"); *Kennicott v. Sandia Corp.*, 327 F.R.D. 454, 469 (D.N.M. 2018) ("The deletion . . . did not necessarily change discovery's scope, but clarified it.").  Accordingly, the Court takes considerable care in construing this language, but will consider objections to this effect as implicating general concerns about the relevance of a given request.

Subject to those objections, however, Plaintiff provided the requested information regarding his work history since 2005. *Id.* at 3–4.

The Court first overrules Plaintiff's objections. Defendant's request appears facially relevant and proportional to the needs of the case, and Plaintiff's objections are accompanied by no explanation. In his brief, Plaintiff explains only that "a 10-year work history is overly-broad and not reasonably calculated to lead to the discovery of admissible evidence for lost wage claims." *Doc. 24* at 5. On the contrary, the relevance of Plaintiff's past employment to a lost wage claim is clear, and given the ease of providing such information, the Court does not find that it is disproportionately burdensome.

As with Interrogatory No. 4, Plaintiff does not clearly state whether the response provided on February 11, 2020 represents his full and complete answer to Defendant's interrogatory. Based on Plaintiff's briefing, it would appear that it does. *See id*. at 5. Nonetheless, to the extent that any information has been withheld, the Court will GRANT Defendant's motion with respect to Interrogatory No. 6 and compel him to supplement his response. If the response provided on February 11, 2020 represents Plaintiff's full and complete answer to Interrogatory No. 6, Plaintiff must certify it as such.

**Interrogatory No. 7**

This interrogatory asked Plaintiff whether he has missed any work due to the incident at issue and, if so, to state "the amounts of time and income lost, the approximate dates, and the name, address, and telephone number of the employer where you claim you have lost wages." *Doc. 23-3* at 4. Plaintiff objected on the basis that the request was "premature," because "Plaintiff's injuries and associated damages remain ongoing." *Id.* at 5.

Plaintiff provided no legal basis for his objection, and this Court is aware of none. Certainly Defendant's request does not fall within the realm of contention interrogatories contemplated by Rule 33(a)(2). Nor does it ask Plaintiff to explain whether he *will* miss any work in the future. Interrogatory No. 7 is strictly factual and relates only to Plaintiff's missed work up until this point. If Plaintiff misses further work due to his injuries, he may of course supplement his responses at a later date. For now, however, the Court finds no justification to delay answering. Plaintiff's objection is therefore overruled.

Subject to his prematurity objection, Plaintiff responded to the interrogatory as follows:

> Plaintiff has missed time from work from Dot-Line Transportation as a result of the incident. Further, Plaintiff will rely on expert testimony with respect to lost wages, medical bills, and future disability and will supplement that information in accordance with the Rules.

*Id.* In his briefing, Plaintiff argues that this response is adequate. *See doc. 24* at 5. The Court disagrees. Plaintiff's statement that he "has missed time from work from Dot-Line Transportation" is unresponsive to the remaining subparts of Interrogatory No. 7. Contrary to Plaintiff's assertion, *see id.*, his answer to Interrogatory No. 6 is no more elucidating on these particular points. And, as previously explained, interrogatories may not be answered by reference to outside documents—particularly not by reference to documents, such as Plaintiff's future expert report, that are not yet in existence.

If Defendant had requested information relating specifically to Plaintiff's expert witness testimony, there might certainly have been cause to delay answering until Plaintiff's Rule 26(a)(2) expert disclosure. But Interrogatory No. 7 demands no specialized information. Rather, it asks for simple factual information relating to Plaintiff's missed work. Accordingly, the Court will GRANT Defendant's motion as to Interrogatory No. 7.

### **Interrogatory No. 8**

Defendant's Interrogatory No. 8 read as follows:

> Apart from this lawsuit, have you ever been involved in a claim for personal injury, whether in a lawsuit or otherwise? If so, state the style, cause number, the county and state in which the lawsuit was filed or the claim was made, and the nature and extent of the injury involved and the resolution of each lawsuit or claim.

*Doc. 23-3* at 5. Plaintiff objected that the request was overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Subject to those objections,

he responded: "Plaintiff was involved in a motor vehicle accident in 2007 in Farmingdale, NY and hired an attorney. Plaintiff received a settlement." *Id*.

Defendant argues it is "entitled to know whether Plaintiff has physical conditions for which he has previously sued or been compensated, and . . . entitled to information regarding his previous conduct in litigation or claims." *Doc. 23* at 7. Particularly in the absence of any substantiated and cogently explained objections, the requested information appears both relevant and proportional to the needs of the case. Despite the extensive time period covered by the interrogatory (asking if Plaintiff has *ever* been party to such a suit), the highly specific nature of the question appropriately limits its scope. The Court therefore overrules Plaintiff's boilerplate "overbreadth" objection. Because Defendant's interrogatory has not yet been answered in full, the Court will GRANT its motion to compel with respect to Interrogatory No. 8.

**Interrogatory No. 9**

Interrogatory No. 9 asked Plaintiff to state whether he had been convicted of a felony or any crime involving moral turpitude or fraud within the past ten years, and, if so, to state several details about each conviction. Plaintiff objected to the request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Subject to those objections, Plaintiff responded that he had been charged with assault in "2016 or 2017" and received six months' probation. *Doc. 23-3* at 5.

Defendant asserts that its interrogatory tracks the language of Federal Rule of Evidence 609. *See doc. 23* at 7. Rule 609 allows impeachment by evidence of a criminal conviction within the past ten years for felonies and crimes involving a dishonest act or false statement. Fed. R. Evid. 609(a)–(b). The overall relevance of Interrogatory No. 9 is therefore very clear. For the first time in his briefing, Plaintiff argued: "While Defendant is entitled to learn of prior felony convictions or criminal convictions for crimes of moral turpitude within the last ten years, Plaintiff is not required to provide information concerning the circumstances surrounding the charge—which are inadmissible." *Doc. 24* at 6.

Although Plaintiff did not cite any legal sources in support of his argument, the case law maintains some limitation on the prior conviction evidence that can be admitted under Rule 609. Such evidence should ordinarily be limited to "the essential facts of convictions, the nature of the crimes, and the punishment," rather than "the details of the crime." *United States v. Albers*, 93 F.3d 1469, 1479–80 (10th Cir. 1996) (quoting *United States v. Wolf*, 561 F.2d 1376, 1381 (10th Cir. 1977)). Of course, information "need not be admissible in evidence in order to be discoverable." Fed. R. Civ. P. 26(b)(1). However, Plaintiff did not make this particular objection within the time permitted by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 33(b)(2) (objections must be served within thirty days of receiving discovery requests). The conclusory objection Plaintiff did interpose—that Interrogatory No. 9 is "overbroad"—

15

did not put Defendant on notice of this specific argument about which conviction-related information may be admitted pursuant to Rule 609.[2]  As a boilerplate objection, it equates to no objection at all.  Objections not timely made are waived.  Fed. R. Civ. P. 33(b)(4).  For this reason, Plaintiff's objections to Interrogatory No. 9 are overruled, and Defendant's motion is GRANTED.

**<u>Interrogatory No. 10</u>**

Interrogatory No. 10 asked Plaintiff to state the name and contact information (address and telephone number) of every medical provider routinely seen within the last ten years.  Plaintiff again objected on the basis that the request was overly broad and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to those objections, Plaintiff identified a single provider's name and address, adding, "Plaintiff treats with this provider for general healthcare, and current injuries."  *Doc. 23-3* at 5.

As Defendant points out, "Plaintiff's pre-existing and standard medical condition is paramount in this personal injury case."  *Doc. 23* at 8.  The relevance of information about Plaintiff's medical providers is clear, and Defendant's request does not appear unreasonable or overbroad.  Nor does Plaintiff present any substantiated, non-conclusory objection to the contrary.  Indeed, the only argument proffered in Plaintiff's

---

[2] For example, Defendant might have argued that information about Plaintiff's prior convictions is discoverable even where not admissible.

briefing is that he has already substantively answered Interrogatory No. 10. *See doc. 24* at 7.

The Court cannot agree. Even assuming that Plaintiff's supplemented response to Interrogatory No. 10 lists every medical provider who has routinely treated him in the past ten years—a proposition that is by no means clear on the face of the response—Plaintiff's response does not fully answer Defendant's request, as it does not include a telephone number for Dr. Haley. Consequently, Plaintiff's objections are overruled and Defendant's motion is GRANTED as to Interrogatory No. 10. Plaintiff is ordered to provide Dr. Haley's complete contact information, in addition to the names, addresses, and telephone numbers of any other medical providers who have routinely treated Plaintiff within the last ten years.

### Interrogatories Nos. 11, 12, 13 & 14

These four interrogatories request information about Plaintiff's physical injuries and other damages. Because Plaintiff responded to each request with substantially similar objections, the Court considers all four requests in conjunction.

Interrogatory No. 11 asked Plaintiff to state the amount of all medical or healthcare expenses actually paid or incurred by Plaintiff as a result of the incident on which his claims are based. *Doc. 23-3* at 5. Interrogatory No. 12 asked Plaintiff to describe his claimed injuries in detail, including the "nature, extent, severity, duration, and cause" of each injury and any resultant restriction on Plaintiff's activities. *Id*. at 6.

Interrogatory No. 13 asked for information about the current condition of Plaintiff's injuries, his recovery from each injury, the frequency and duration of his pain, the location and degree of any limitations of motion, a detailed description of any disability, and any disability or impairment ratings by a medical professional. *Id*. Interrogatory No. 14 asked whether the claimed injuries constituted an aggravation of any preexisting conditions, and for information about any such preexisting conditions. *Id*.

Plaintiff objected to all four interrogatories on the basis that the request was "premature" because Plaintiff's injuries "remain ongoing." *Id*. at 6–7. For substantially the same reasons as with Interrogatory No. 7, the Court overrules this objection. There appears no persuasive reason to delay Plaintiff's responses at present, even if Plaintiff may obtain further information in the future.

In a similar vein, Plaintiff additionally objected to Interrogatories Nos. 12, 13, and 14 because he "will rely on expert testimony with respect to his injuries." *Id*. As with Interrogatory No. 7, while expert testimony might certainly prove beneficial with respect to some portions of these interrogatories, they are not questions exclusively within the province of a medical expert. The fact that another party or witness could provide a better, clearer, or more detailed answer to a given interrogatory does not excuse the party actually served with that interrogatory from answering it. Therefore, the Court overrules this objection. Plaintiff must answer each interrogatory to the best

of his ability, which may, of course, include using layman's terms to describe his injuries.

Finally, subject to those objections, Plaintiff referred Defendant in the case of each interrogatory to "the medical records and bills produced in this matter." *Id.* The Court has previously explained the insufficiency of this kind of response by reference. Defendant's motion to compel will be GRANTED as to Interrogatories Nos. 11, 12, 13, and 14, and Plaintiff ordered to provide separate and full answers to each individual request.

**Interrogatory No. 15**

Interrogatory No. 15 asked Plaintiff to provide the following information for every healthcare practitioner or institution he has seen "for any reason" since January 1, 2013: (1) name and address, (2) date and location of each evaluation, diagnosis or treatment, (3) injury for which treatment was sought, (4) nature of the evaluation, diagnosis or treatment, (5) nature and extent of any self-administered care, and (6) whether Plaintiff claims the visit or treatment was related to the incident upon which this suit is based. *Id.* at 7. Plaintiff objected on the basis that the request was overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Subject to those objections, Plaintiff provided the names and addresses of several medical providers and institutions. *Id.* at 7–8.

Interrogatory No. 15 is certainly broad in the sense that it contains many subparts and seeks a great deal of information. In a footnote of his response brief, Plaintiff alleges that "Interrogatory 13 and 15 also contains [sic] multiple subparts that exceed the permissible amount of interrogatories." *Doc. 24* at 8 n.2. However, Plaintiff did not make this numerosity objection in either his responses or his supplemented responses to Defendant's interrogatories. Therefore the Court will not consider it.

Interrogatory No. 15 does *not* appear overly broad in the relevant sense of being disproportionate to the needs of the case. As previously discussed, Plaintiff's medical condition, both now and in the relatively recent past, is critical to the evaluation of his claims. Defendant's request is limited in temporal scope to approximately six years before the traffic accident on which Plaintiff's claims are based. *See doc. 1-1* at 2. Moreover, Plaintiff's objections are unexplained, conclusory, and unsupported by legal citation. They are therefore overruled.

Plaintiff further argues in his briefing that he "substantively responded to this request." *Doc. 24* at 8. But Plaintiff's response does not include exact dates, nature of the evaluation or diagnosis, or many of the other details requested by the interrogatory. In short, it is manifestly deficient. The Court will GRANT Defendants' motion to compel as to Interrogatory No. 15.

**Request for Production No. 1**

Request for Production ("RFP") No. 1 asked Plaintiff to produce an attached release for medical records. *Doc. 23-3* at 8. While Defendant does not deny that Plaintiff provided the release, it asks the Court to compel Plaintiff to produce his social security number, which is needed in order to retrieve the records. Plaintiff explains in his briefing that he has "[no] issue with correcting the oversight of the social security number," and the Court need not compel him to do so. *Doc. 24* at 9. The Court is sympathetic to Plaintiff's minor oversight, and acknowledges Plaintiff's good faith willingness to correct the error. However, Defendant has not withdrawn its motion to compel the production of Plaintiff's social security number, nor is there evidence of record that Plaintiff has already produced it. Therefore, the motion to compel is GRANTED as to RFP No. 1.

**Request for Production No. 2**

RPF No. 2 requested production of:

All photographs, slides, films, videos, moving pictures, computer generated images, prints, diagrams, schematics, scales, models, blue prints, drawings, x-rays, MRI's [sic], or CT scans pertaining to [] the following:
a) the witnesses to the incident [that] made the basis of this lawsuit;
b) the scene of the incident [that] made the basis of this lawsuit;
c) any recreation of the incident [that] made the basis of this lawsuit;
d) the injuries or damages sustained by Plaintiff as a result of the incident [that] made the basis of this lawsuit;
e) any therapy or treatment received by the Plaintiff as a result of the injuries allegedly sustained in the incident [that] made the basis of this lawsuit; and

f)    any cause of the incident [that] made the basis of this lawsuit.

*Doc. 23-3* at 8.  Plaintiff objected on the basis that the request was overbroad, unduly

burdensome, and required Plaintiff to "marshal his evidence."  Subject to these

objections, Plaintiff indicated that he would "rely upon expert testimony regarding

liability," and directed Defendant to "the police report, photographs, medical records,

and bills produced in this matter."  *Id*. at 8–9.

Plaintiff's objections are overruled.  While the subparts of RFP No. 2 are certainly

rather numerous, they are also reasonably specific.  RFP No. 2 requests the production

of particular types of documents relating to particular subjects.  Its level of detail would

permit a "person of ordinary intelligence" to understand which documents fall within

the scope of the request.  *See Regan-Touhy*, 526 F.3d at 649–50.  In his briefing, Plaintiff

refers to RFP No. 2 as an "inexplicably compound request," noting that it requests

"sixteen different types of documents pertaining to six separate subcategories."  *Doc. 24*

at 9.  However, this description expresses a concern, not of overbreadth, but of

numerosity.  Plaintiff failed to raise a numerosity objection in his supplemental

response, and any such objection is therefore waived.

Plaintiff's remaining two objections may be addressed briefly.  As previously

discussed, it is not a cognizable objection that a discovery request requires marshaling

of evidence.  Finally, nothing about RFP No. 2 requires Plaintiff to await the testimony

of his expert witnesses before providing the requested documentation.  It is Plaintiff's

duty to produce all responsive information within his possession in a timely manner, regardless of the possible need for future supplementation.

Plaintiff further argues in his briefing that he has already substantively responded to RFP No. 2. The Court disagrees. Plaintiff need not produce additional copies of documents already in Defendant's possession, but he must clearly and specifically identify any documents that are responsive to the discovery request. A general reference to "the police report, photographs, medical records, and bills produced in this matter" will not suffice. Defendant's motion to compel is therefore GRANTED with respect to RFP No. 2.

### Requests for Production Nos. 5 & 7

RFP No. 5 requested all explanation of benefits ("EOB") forms created by any health care provider or payor as a result of Plaintiff's medical treatment caused by the relevant incident. RFP No. 7 requested a copy of the insurance policy that paid all or a portion of Plaintiff's medical expenses related to the relevant incident. Plaintiff objected to both requests as overly broad and not reasonably calculated to lead to the discovery of admissible evidence because they violate the collateral source rule. *Doc. 23-3* at 9.

Plaintiff did not explain in his supplemental responses how or why either request is overly broad, and no reason is apparent to the Court. This unsubstantiated objection is therefore overruled.

The collateral source rule states that "[p]ayments made to or benefits conferred on the injured party from other sources are not credited against the tortfeasor's liability, although they cover all or a part of the harm for which the tortfeasor is liable." *Friedland v. Indus. Co.*, 566 F.3d 1203, 1205–06 (10th Cir. 2009) (quoting Restatement 2d of Torts § 920A(2) (1979)). For purposes of this motion the Court assumes, without deciding, that the collateral source doctrine applies to the documents sought by RFP Nos. 5 and 7. Even so, the collateral source rule is generally one of admissibility, not discoverability. *See, e.g., Erhart v. BofI Holding*, 2018 WL 4204928, at *7 (S.D. Cal. Sept. 4, 2018) (unpublished) (noting that "the test for discoverability is not admissibility" and permitting discovery of documents "even where the collateral source rule applies"); *EEOC v. Autozone, Inc.*, 2013 WL 12180861, at *7 (E.D. Wis. Aug. 21, 2013) (unpublished) (rejecting plaintiff's argument that "because the collateral source rule applies, the information that the defendants seek is not relevant"); *McGahee v. Trumbull Ins. Co.*, 2012 U.S. Dist. LEXIS 160284, at *3–4 (D. Colo. Nov. 7, 2012) (unpublished) ("[T]he collateral source rule does not limit the discoverability of medical expenses actually paid for treatment.").

Plaintiff here made the general objection that each request was "not reasonably calculated to lead to the discovery of admissible evidence as it violates the collateral source rule." *Doc. 23-3* at 9. He presented no further arguments about the relevance of these requests, leading the Court to presume that the sole basis for his objection is the

alleged inadmissibility of the requested documents at trial. *See doc. 24* at 9 ("[T]he request[s] seek information that violates the collateral source rule and is, at the outset, inadmissible. Accordingly, these requests are not reasonably calculated to lead to the discovery of admissible evidence."). However, information within the scope of discovery "need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). As other courts have found, information about insurance payments may be relevant to the value of medical service provided, even where it is not admissible in evidence. Standing alone and without more particularized argument or legal citation, Plaintiff's collateral source rule objection is insufficient and will be overruled.

Plaintiff also argues in his briefing that Defendant's complaints "ignore the substance of Plaintiff's response that [he] does not have any documents responsive to these requests." *Doc. 24* at 9. However, Plaintiff's responses to RFP Nos. 5 and 7 indicated that he did not have any documents responsive to the request "*subject to*" his objections. *Doc. 23-3* at 9 (emphasis added). Based solely on these responses, it was—and is—unclear whether any documents were withheld pursuant to those objections. Defendant's motion to compel is therefore GRANTED with respect to RFP Nos. 5 and 7.

### Request for Production No. 11

Defendant's RFP No. 11 asked for all documents related to any temporary or permanent disability or impairment rating received by Plaintiff at any time. Plaintiff objected that the request was premature because his injuries remained ongoing, and

indicated that he would "rely on expert testimony with respect to his medical conditions and future disability." *Doc. 23-3* at 10.

RFP No. 11 did not ask Plaintiff to prognosticate the existence or content of any future disability or impairment ratings. Rather, by its very terms, it requested any ratings that Plaintiff had already received. Therefore, the Court overrules Plaintiff's prematurity objection. In addition, nothing about RFP No. 11 necessitates the input of Plaintiff's expert witnesses, nor does there appear to be any hindrance to Plaintiff's immediately producing any such documents in his possession. Should Plaintiff receive further impairment or disability ratings in the future, he must of course supplement his response.

Plaintiff asserts in his briefing that no documents responsive to RFP No. 11 have been withheld. *Doc. 24* at 10. If this is the case, Plaintiff need only update his response to certify that he possesses no documents responsive to Defendant's request. The Court GRANTS Defendants' motion with respect to RFP No. 11.

### **Request for Production No. 14**

RFP No. 14 requested "[a]ll documents in support of [Plaintiff's] claim that Defendants were negligent with respect to the incident in question." *Doc. 23-3* at 11. Plaintiff objected to the request as overly broad, unduly burdensome, and requiring Plaintiff to "marshal his evidence." Subject to those objections, Plaintiff stated that he

would rely upon expert testimony regarding liability and directed Defendant to the police report already produced.

In this instance, although Plaintiff failed to explain or support his overbreadth objection, the Court finds that the discovery request is so clearly overbroad that it requires little explanation. RFP No. 14 does not state Defendant's discovery request with the "reasonable particularity" demanded by Rule 34. *See* Fed. R. Civ. P. 34(b)(1)(A). Not only does RFP No. 14 fail to reasonably apprise Plaintiff of the specific documents requested, but it gives the Court no metric for determining whether any given response satisfies the request. *See Regan-Touhy*, 526 F.3d at 649–50 (discovery requests must be "sufficiently definite and limited in scope" as to enable the court "to ascertain whether the requested documents have been produced"). Such "kitchen sink" requests are not permitted, *id*. at 650, and the Court will not compel a response. Defendant's motion is therefore DENIED as it pertains to RFP No. 14.

### Request for Production No. 16

RFP No. 16 requested "[a]ll documents relating to any investigation of the incident in question." *Doc. 23-3* at 11. Plaintiff objected that the request was overly broad, unduly burdensome, and required him to "marshal his evidence." Subject to those objections, Plaintiff stated that he would rely on expert testimony regarding liability and referred Defendant to the police report already produced.

The Court will overrule Plaintiff's unsubstantiated objections. Although RFP No. 16 requested "all" documents of a certain category, that category (investigations of the traffic accident forming the basis of Plaintiff's suit) is sufficiently well defined to enable Plaintiff to understand which documents should be produced. Particularly in the absence of any further explanation or legal argument by Plaintiff, the Court does not find that RFP No. 16 is overbroad. Nor does the Court see how it would be unduly burdensome for Plaintiff to produce any such documents that are now in his custody, or why doing so would require the input of Plaintiff's expert witnesses.

In his briefing, Plaintiff argues that he has already substantively responded to RFP No. 16 despite his objections. *Doc. 24* at 10. Plaintiff's response to RFP No. 16 referred Defendant to "the police report produced in this matter." *Doc 23-3* at 11. To begin with, this reference may or may not be sufficiently specific to allow Defendant to identify the document in question. While Plaintiff need not produce multiple copies of the same document, he must clearly identify which already-produced documents are responsive to Defendant's request. More importantly, and Plaintiff's protestations to the contrary notwithstanding, the response does not clearly and affirmatively indicate whether other documents were withheld pursuant to Plaintiff's several objections. Therefore, to the extent that no documentation has been withheld, Plaintiff must clearly say so. Defendant's motion is GRANTED as to RFP No. 16.

**Request for Production No. 18**

Defendant's RFP No. 18 requested complete copies of all Plaintiff's social media or social networking account pages.  In particular, Defendant requested status updates and comments on status updates; wall posts and associated comments; complete profile, including information page, group membership, and contact information; photographs and associated comments; and a history of all activity from the period of December 30, 2018 to the date of response.[3]  *Id.* at 11–12.  Plaintiff objected on the basis that the request was overly broad, unduly burdensome, not reasonably limited in time or scope, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to those objections, Plaintiff stated that he had no responsive documents at this time.  *Id.* at 12.

Defendant argues that the requested documentation is relevant because "social media constitutes some of the best evidence of a person's ongoing condition."  *Doc. 23* at 14.  Although Plaintiff flatly denies this assertion, he does not explain, either in his supplemental response or in his briefing, why the requested information is not relevant to his claims.  To the contrary, Defendant's argument that Plaintiff's recent social media activity could be indicative of his medical condition appears sound.  The Court is

---

[3] The Court assumes that this summary reflects what Defendant meant by subpart (e) of RFP No. 18, which reads: "History of all activity on each social networking page, including, but not limited to, each update, revision or other activity of any kind on each social networking part.  For the period of December 30, 2018 through the present, please produce all of your account data for each social media or social networking site."  *Doc. 23-3* at 12.  The Court sees no clear meaning for "account data" in this context that is separate from a "[h]istory of all activity."

therefore unpersuaded by Plaintiff's contention that the information sought is non-discoverable because it is not relevant.  Of course, relevant information is not always discoverable; it may be privileged or disproportionate to the needs of the case.  *See* Fed. R. Civ. P. 26(b)(1).  But Plaintiff has argued neither of these points beyond boilerplate objections that the request is overbroad and unduly burdensome.  Though Plaintiff alleges in his briefing that RFP No. 18 requests "private" information, *doc. 24* at 11, he did not make this objection in his supplemental responses and it is now waived.  Plaintiff's objections will be overruled.

Plaintiff's moderately more tailored objection that RFP No. 18 is "not reasonably limited in time or scope," *doc. 23-3* at 12, merits closer consideration.  While the request is certainly expansive, the kinds of documents requested are reasonably well specified, and the request is limited to current information and history dating back to December 30, 2018, the date of the traffic accident upon which Plaintiff's claims are based.  Plaintiff has offered no more specific argument as to why the scope of the request is inappropriate.  Therefore, the Court finds that the request is appropriately limited and overrules the objection.

Defendant "accepts Plaintiff's statement, made under oath, that he does not possess responsive documents."  *Doc. 23* at 14.  It asks the Court to overrule Plaintiff's objections nonetheless.  Plaintiff characterizes Defendant as having improperly "conjured[d] up a dispute" by disputing his objections when he possesses no

responsive documents in any case.  *Doc. 24* at 11.  This contention is rather puzzling

given that Plaintiff would surely not have made his objections if he believed them to

have no legal effect.  In any event, the sufficiency of Plaintiff's objections will have

practical import if and when he discovers a need to supplement his response to RFP No.

18.  *See* Fed. R. Civ. P. 26(e)(1)(A) ("A party  . . . who has responded to a [request for

production] must supplement or correct its disclosure or response . . . in a timely

manner if the party learns that in some material respect the disclosure or response is

incomplete or incorrect").  Were Plaintiff's objections sound, he would be under no

obligation to supplement his response.  Therefore, Defendant's request that the

objections be overruled is not misplaced.  Defendant's motion is GRANTED as to RFP

No. 18.

**Request for Production No. 19**

RFP No. 19 asked for "all documents" pertaining to Plaintiff's expert witnesses,

including materials "provided to, generated by, or received from" each expert witness,

as well as "notes, correspondence, billing records, literature used or relied upon," a list

of the witness's publications for the past ten years, and a list of cases in which the

witness had testified in the past four years.  *Doc. 23-3* at 12.  Plaintiff objected that the

request was overly broad and unduly burdensome.  Subject to those objections, Plaintiff

stated that he had not made a determination regarding experts and would do so in

accordance with the Court's Scheduling Order.

Defendant argues in its motion that the Court's Scheduling Order "does not provide a shield from producing responsive information" at a date earlier than the expert disclosure deadline. *Doc. 23* at 15. Other courts have held that a party may not use its discovery requests in order to advance the Rule 26(a)(2) expert disclosure deadline set by the Court. *See, e.g., Weiss v. Nat'l Westminster Bank, PLC*, 242 F.R.D. 33, 63 (E.D.N.Y. 2007) (an interrogatory requesting identification of all expert witness does not obligate a party to identify its experts prior to the Rule 26 deadline). In this case, the deadline for Plaintiff to identify his expert witnesses pursuant to Federal Rule of Civil Procedure 26(a)(2) was March 10, 2020. *Doc. 17* at 2–3. Consequently, as of the date of this order, Plaintiff's Rule 26(a)(2) deadline has passed and mooted any prematurity objection. The Court will accordingly consider the merits of his other objections.

Independent of any party's discovery request, Rule 26(a)(2) requires a report to be prepared by each expert witness, containing the following information:

    (i)     a complete statement of all opinions the witness will express and the basis and reasons for them;

    (ii)    the facts or data considered by the witness in forming them;

    (iii)   any exhibits that will be used to summarize or support them;

    (iv)   the witness's qualifications, including a list of all publications authored in the previous 10 years;

    (v)    a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

    (vi)   a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B). Many of the documents requested by Defendant overlap with these requirements. Plaintiff should already have provided the reports, materials

provided to, literature relied upon, additional material produced by, statements of compensation, lists of publication, and lists of other cases in which testimony was given for each expert that he intends to use at trial.  It is therefore difficult to imagine how the production of such documentation could be unduly burdensome, or the request overly broad.  The only documents requested by RFP No. 19 that do not appear to duplicate the requirements of Rule 26(a)(2) are the "notes" and "correspondence" of each expert.  However, Plaintiff made no specific objection to these requests and did not specifically explain how they are overly broad or unduly burdensome.

To the extent that Plaintiff has not already provided the requested documentation pursuant to Rule 26(a)(2) and the Court's Order, Defendant's motion is GRANTED as to RFP No. 19.

## V. AWARD OF FEES AND COSTS

The Federal Rules provide that, if a motion to compel disclosure or discovery is granted,

> the court must, after giving an opportunity to be heard, require the party
> or deponent whose conduct necessitated the motion, the party or attorney
> advising that conduct, or both to pay the movant's reasonable expenses
> incurred in making the motion, including attorney's fees.

Fed. R. Civ. P. 37(a)(5)(A).  If such motion is granted in part and denied in part, the court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion."  Fed. R. Civ. P. 37(a)(5)(C).

Here, although the Court grants Defendant's motion only in part, full payment by Plaintiff of Defendants' reasonable expenses is appropriate and proportional. Of twenty-two disputed individual discovery requests, the Court ruled against Plaintiff on virtually every basis and every dispute. Further, both Defendant's motion practice and the Court's analysis were hindered by the unsupported, unexplained, and substantially unjustified nature of Plaintiff's numerous objections.

## VI. CONCLUSION

For the reasons stated above, Defendant's First Motion to Compel Against Plaintiff John Heuskin (*doc. 23*) is GRANTED IN PART and DENIED IN PART.

To the extent that he has not already done so, Plaintiff shall provide full and complete responses to Interrogatories Nos. 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14 and 15. Where no information has been withheld, Plaintiff must so certify. Plaintiff shall also either provide, or specifically identify if already produced, documentation responsive to Requests for Production Nos. 1, 2, 5, 7, 11, 16, 18, and 19. Where no responsive documents are in his possession, custody, or control, Plaintiff must so certify.

Defendant's motion is DENIED as to Request for Production No. 14, and Plaintiff need not provide any further response or supplementation to that request.

**IT IS ORDERED** that Plaintiff shall provide updated responses to the above-listed requests, in compliance with this Order, no later than **April 7, 2020**.

34

**IT IS FURTHER ORDERED** that, no later than **April 10, 2020**, Defendant D&E Transport, LLC shall submit an affidavit detailing the reasonable attorney's fees and costs expended in briefing this Motion.  Plaintiff's objections to the amount claimed, if any, shall be filed within fourteen (14) days of the filing of the affidavit.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE