IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOHN HEUSKIN,

 Plaintiff,

v.                Civ. No. 19-957 MV/GBW

D&E TRANSPORT, LLC and
LOOMAS BYRON IVEY,

 Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT D&E'S MOTION FOR PROTECTIVE ORDER

THIS MATTER comes before the Court on Defendant D&E Transport, LLC's Motion for Protective Order and Notice of Non-Appearance Regarding Rule 30(b)(6) Deposition (*doc. 39*) and the related briefing (*docs. 50, 62*).  Both parties agree that the deposition scheduling issue is now moot.  Doc. 50 at 1; *doc. 62* at 1.  Therefore, only the request for a protective order remains before the Court.  For the reasons that follow it will be GRANTED IN PART and DENIED IN PART.

 **I.**  **BACKGROUND**

This action arises out of a traffic accident that took place on December 30, 2018, between Plaintiff's tractor-trailer and the tractor-trailer driven by Defendant Loomas Byron Ivey.  *Doc. 1-1* at 2.  At the time of the collision, Defendant Ivey was employed by Defendant D&E Transport, LLC ("D&E").  *Id*.  Plaintiff has alleged claims of negligence,

negligence per se, and gross negligence against both Defendants, including a demand for punitive damages. *Id*. at 3–5.

On February 11, 2020, Plaintiff's counsel provided Defendant D&E with a list of forty-two topics for deposition as required by Federal Rule of Civil Procedure 30(b)(6), which governs depositions of organizations. *See doc. 39-1*. Plaintiff served Defendant D&E with an official notice of deposition on April 11, 2020, listing the same forty-two topics. *Doc. 39-2*. Defendant D&E now argues that a number of the proposed deposition topics are either not subject to discovery or not stated with reasonable particularity. The topics in dispute are as follows:

11. Defendant's training policies, procedures, and/or practices; . . .
16. Defendants' Safety Measurement System (SMS) data and reporting[;]
17. Defendants' BASIC classification, submission, data, and reporting; . . .
19. Defendants' policies, procedures, and/or practices with respect to vehicle operation and/or driving standards; . . .
23. Any draft or final preventability determination relating to any other similar incident;
24. Data, analytics, reports, and information pertaining to other similar incidents;
25. American Trucking Association Guidelines;
26. ATA Trucking Industry Guide for Reviewing Fleet Vehicle Accidents in Determining Preventability; . . .
28. Any subsequent remedial measure considered, discussed, referenced, suggested, recommended, and/or taken as [a] result of a prior similar incident; . . .
33. Defendant's vehicle equipment requirements; . . .
38. Defendant's net worth;
39. Defendant's corporate conduct policies and practices[.]

*Id*. at 2–3.[1]  Plaintiff opposes Defendant's request for a protective order and maintains that the listed topics are both discoverable and stated with reasonable particularity.  *See generally doc. 50*.  The motion is now before the Court.

## II. STANDARD OF REVIEW

Plaintiff seeks to depose Defendant D&E's corporate representative pursuant to Federal Rule of Civil Procedure 30(b)(6), entitled "Notice or Subpoena Directed to an Organization," which provides:

> In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination.  The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify.  [ . . . ]  The persons designated must testify about information known or reasonably available to the organization.

*Id*.  The requirement of "reasonable particularity" in stating the topics for deposition ensures that the organization to be deposed is not faced with an "impossible task" in preparing its representatives.  *McBride v. Medicalodges, Inc.*, 250 F.R.D. 581, 584 (D. Kan. 2008).

---

[1] Defendant D&E also requested a protective order on Topic 21.  *See doc. 39* at 6; *doc. 62* at 4.  However, Defendant made no arguments pertaining to Topic 21 and omitted it from at least one listing of disputed topics.  *See doc. 39* at 8.  In addition, Defendant did not object to Plaintiff's omission of Topic 21 from its own list of disputed topics.  *See doc. 50* at 5; *doc. 62*.  The Court therefore presumes that the inclusion of Topic 21 in the motion was accidental and does not consider it.

Federal Rule of Civil Procedure 26(c) permits the Court, with good cause, to issue an order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "Issuing a protective order is required when the party seeking discovery attempts to obtain information outside the scope of discovery." *United States v. All Assets Held at Bank Julius Baer & Co., Ltd.*, 202 F. Supp. 3d 1, 6 (D.D.C. 2016) (citing Fed. R. Civ. P. 26(b)(2)(C)(iii)). The Court may issue a protective order to limit the topics of a deposition conducted pursuant to Rule 30(b)(6). *See, e.g., Bhasker v. Fin. Indem. Co.*, 2018 WL 4773363 (D.N.M. Oct. 3, 2018) (unpublished). The burden is on the moving party to demonstrate good cause for the requested protective order. *Benavidez v. Sandia Nat'l Labs.*, 319 F.R.D. 696, 721 (D.N.M. 2017) (citations omitted). *See also Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981).

### III. ANALYSIS

#### A. Duplication of Topics (11 and 19)

Defendant D&E moves for a protective order against questioning on Topics 11 and 19 on the basis that they are duplicative of other proposed topics. *Doc. 39* at 6–7. Specifically, Defendant alleges that Topic 11 ("Defendant's training policies, procedures, and/or practices") is duplicative of Topics 7 and 8, which address, respectively, "Defendant's training policies and procedures for vehicle operations and drivers" and "Defendant's training for vehicle operation and drivers." *See doc. 39-2* at 2. Defendant further alleges that Topic 19 ("Defendants' policies, procedures, and/or

practices with respect to vehicle operation and/or driving standards") is duplicative of Topic 12 ("Defendant's vehicle operation policies, procedures, and/or practices"). *See id*.

The Court finds that Topic 11 is largely, though not entirely, duplicative of Topics 7 and 8. Although Topic 11 refers specifically to Defendant's training "practices," while Topic 7 refers only to "policies and procedures," Topic 8 encompasses, more generally, Defendant's "training for vehicle operation and drivers." This presumably would include practices, policies, *and* procedures. However, Topic 11 appears to address *all* of Defendant's training practices, while Topic 8 addresses Defendant's training specifically "for vehicle operation and drivers." It is therefore conceivable that some material covered by Topic 11 may not be covered by Topics 7 or 8.[2]

Topic 19, on the other hand, is substantially identical to Topic 12. While Topic 19 addresses Defendants' "driving standards" and Topic 12 addresses only "vehicle operation," the Court is unable to imagine how these phrases could differ in their substantive meaning. Therefore, the Court finds that Topic 19 is duplicative of Topic 12.

---

[2] Whether this is a null set—*i.e.*, whether Defendant D&E offers any other training besides that for vehicle operation and drivers—is not apparent based on the record before the Court. But Defendant does not argue this point in its briefing. Likewise, it is an open question whether non-driver training would have any relevance to the instant case. The issue has not been raised, however, and the Court declines to address it *sua sponte*.

This finding does not, however, resolve the issue of whether a protective order is appropriate. Courts, on motion or *sua sponte*, must generally limit discovery if it is "*unreasonably* cumulative or duplicative." Fed. R. Civ. P. 26(b)(2)(C)(i) (emphasis added). Defendant D&E meanwhile has requested limitation of its representative's questioning based on Rule 26(c), which enables the Court to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed R. Civ. P. 26(c)(1).

Here, the Court declines to limit the proposed deposition topics either on Defendant's motion for a Rule 26(c) protective order, or *sua sponte* pursuant to Rule 26(b). Plaintiff's duplicative deposition topics impose no additional burden on Defendant D&E or its representative(s). Rule 30(b)(6) does not require an organization to produce a different representative for each proposed topic of questioning, or to produce written responses for each proposed topic. Where two topics are substantially the same, Defendant D&E may offer the same representative to answer questions pertaining equally to both topics. Defendant's contention that "D&E should be protected from presenting a witness on Topics 11 and 19," *doc. 39* at 7, is therefore somewhat puzzling. Such a protective order would have no practical effect, as it would not reduce Defendant's labor or expenses. Because the duplication of topics imposes no additional burden, expense, or apparent annoyance, the Court is unable to find "good cause" for imposing a protective order under the clear terms of Rule 26(c)(1).

6

For the same reasons, although Topic 19 is duplicative of other proposed topics and Topic 11 is largely so, the Court does not find that the proposed topics are *unreasonably* duplicative so as to require limitation pursuant to Rule 26(b)(2). Defendant's motion for protective order on Topics 11 and 19 is therefore DENIED.

### B. Defendant's Safety Data and Reporting (16, 17)

In Topics 16 and 17, Plaintiff seeks to ask the representative about "Defendants' Safety Measurement System (SMS) data and reporting" and its "BASIC[3] classification, submission, data, and reporting[.]" *Doc. 39-1* at 1. Both SMS and BASIC are databases[4] used by the Federal Motor Carrier Safety Administration ("FMCSA") in order to assess carriers' safety. *See doc. 39* at 7; *doc. 50* at 7 n.3.

Defendant D&E requests a protective order against Topics 16 and 17 because they are "not identified with reasonable particularity to enable D&E to prepare[,]" noting that both SMS and BASIC are "broad databases." *Doc. 39* at 7. Defendant also appears to raise a relevance-based objection asserting that "[i]t strains credulity to suggest that any SMS or other reporting by D&E relates, at all, to the accident in question or the hiring/training of Defendant Ivey," and that there is "no reasonable connection between D&E's reporting compliance and the accident involved in *this*

---

[3] "BASIC" stands for Behavioral Analysis and Safety Improvement Categories.

[4] It appears, based on the additional case citation provided by Plaintiff, that BASIC may be a subset of the SMS database. *See Krauchanka v. FedEx Freight, Inc.*, 2017 WL 5203045, at *3 (D. Wyo. Apr. 14, 2017) (unpublished). This distinction does not alter the Court's findings as to relevance and reasonable particularity.

7

case." *Doc. 39* at 7 (emphasis in original).  Plaintiff argues in his response that these topics are "narrowly tailored" and "concern Defendant's safety record and Defendant's knowledge and application of relevant standards, procedures, and guidelines."  *Doc. 50* at 7.

The record does not contain a great deal of information about SMS and BASIC reporting.  It may be true that these topics are so broad as to prevent Defendant from properly preparing its representative.  It may be true that the topics stretch beyond what would be relevant to the instant case.  However, it is Defendant's burden to establish good cause for a protective order with respect to Topics 16 and 17.  Plaintiff's complaint alleges, *inter alia*, that Defendant D&E was negligent in "[f]ailing to adequately supervise its employees" and that its negligence caused the collision between Plaintiff and Defendant Ivey.  *Doc. 1-1* at 2, 3.  On the record currently before the Court, it appears that Defendant D&E's overall safety record may be relevant to Plaintiff's claims.  *See* Fed. R. Evid. 401 (evidence is relevant if it has any tendency to make a material fact more or less probable); *Reno v. Bossier Parish Sch. Bd.*, 520 U.S. 471, 487 (1997) ("the basic standard of relevance . . . is a liberal one") (citation omitted); *Owner-Operator Indep. Drivers Ass'n v. USIS Commercial Servs.*, 537 F.3d 1184, 1193 (10th Cir. 2008) ("The Rules of Evidence provide a liberal standard for relevance[.]").  It further appears that Defendant D&E's SMS and BASIC data and reporting is broadly relevant to its overall safety record and its handling of incidents, since the stated

8

purpose of those databases is to assess carriers' safety records.  *See, e.g., Krauchanka v. FedEx Freight, Inc.*, 2017 WL 5203045, at *3 (D. Wyo. Apr. 14, 2017) (unpublished).  Moreover, it appears that the procedures and data related to these databases are well within the ordinary course of business for a trucking company.  Without more, the Court cannot conclude that Topics 16 and 17 are irrelevant to Plaintiff's claims or stated with insufficient particularity.  Defendant D&E's motion for protective order is DENIED as to Topics 16 and 17.

   C. **"Similar Incidents" (23, 24, 28)**

Topics 23, 24, and 28 seek various information involving "similar incidents."  *Doc. 39-2* at 2–3.  Defendant D&E argues that "similar incident" is an insufficiently specific term to enable Defendant to select and prepare its representative(s).  *See doc. 39* at 7.  The Court agrees.

As Plaintiff notes, "substantially similar" accidents may be relevant in traffic cases like this one.  *See, e.g., Smith v. Ingersoll-Rand Co.*, 214 F.3d 1235, 1246–47 (10th Cir. 2000).  However, Defendant does not argue that deposition topics relating to similar accidents are irrelevant.  Rather, Defendant's objection is that the term "similar incident" requires D&E to "speculate about [what] information Plaintiff [may] be seeking."  *Doc. 39* at 7.  As currently written, it is unclear whether these topics address *all* employee accidents in the course of Defendant D&E's existence; only accidents that are in some unspecified way "substantially similar" to the one at issue; or anything in

9

between. The Court therefore finds that these topics are not stated with reasonable particularity. *See Steil v. Humana Kansas City, Inc.*, 197 F.R.D. 442, 444 (D. Kan. 2000) ("Where the defendant cannot identify the outer limits of the areas of inquiry noticed, compliant designation is not feasible.") (citation omitted).

It should be a simple matter for Plaintiff to provide greater clarity about the type of incident which he intends to explore during Defendant D&E's deposition. Defendant D&E's motion is GRANTED with respect to Topics 23, 24, and 28. Should Plaintiff wish to reframe these topics with greater particularity in a renewed notice of deposition,[5] he may do so.

### D. American Trucking Association Guidelines (25, 26)

Defendant D&E argues that Topics 25 and 26, both of which refer to American Trucking Association ("ATA") guidelines, "are exceedingly broad and do not provide D&E with enough information to prepare its witness." *Doc. 39* at 8. In support of this argument Defendant points out that the ATA "publishes guidelines and other documents on a host of topics and on a regular basis." *Id*. Therefore, Defendant's position appears to be that Topics 25 and 26 are both overly broad in scope and not stated with reasonable particularity. Plaintiff makes no argument specific to these

---

[5] The Court's understanding is that Defendant D&E's Rule 30(b)(6) deposition was vacated by the parties' agreement, *see doc. 62* at 1, and the deadline for conducting depositions has now been extended to August 7, 2020, *doc. 76*. This schedule should permit Plaintiff ample time to serve an amended notice of deposition, if he so chooses, prior to the rescheduled deposition.

topics, stating instead, generally, that these and other topics "concern Defendant's safety record and Defendant's knowledge and application of relevant standards, procedures, and guidelines." *Doc. 50* at 7.

Topic 25 seeks information about "American Trucking Association Guidelines," without any further specification. *Doc. 39-2* at 2. The Court agrees with Defendant D&E that this topic is not stated with reasonable particularity. Plaintiff's notice of deposition does not limit the discussion of ATA guidelines to any particular type of guideline, nor does it limit the discussion to Defendant D&E's compliance with ATA guidelines. Plaintiff moreover makes no cogent argument about how *all* ATA guidelines, in the abstract, could be relevant to his claims. The Court will therefore GRANT Defendant's request for a protective order with respect to Topic 25.

Topic 26 addresses "ATA Trucking Industry Guide for Reviewing Fleet Vehicle Accidents in Determining Preventability." *Doc. 39-2* at 3. Unlike Topic 25, Topic 26 appears to be reasonably tailored in scope, to one particular ATA guide. Moreover, the relevance of an industry guide related to reviewing and preventing trucking accidents is clear on its face, and Defendant fails to explain how or why Topic 26's additional specification remains overbroad.[6] Therefore, the Court finds that Defendant D&E has failed to meet its burden and DENIES its request for protective order as to Topic 26.

---

[6] Without further information about the referenced "ATA Trucking Industry Guide for Reviewing Fleet Vehicle Accidents in Determining Preventability" it is, of course, difficult for the Court to determine its

11

E. **Vehicle Equipment Requirements (33)**

As a preliminary matter, Defendant urges that because Plaintiff "did not address . . . Topics 33 or 39 in his Response," the Court should grant its motion on both of those topics pursuant to D.N.M.LR-Civ. 7.1(b), which provides that the failure to file a response constitutes consent to grant the motion. *Doc. 62* at 2. It is true that Plaintiff did not address either topic specifically. *See generally doc. 50*. However, Rule 7.1(b) contemplates a complete failure to respond, not a vague or otherwise unsatisfactory response. Plaintiff states generally in his briefing: "All of these matters . . . are relevant to show, among other things, notice and knowledge, magnitude of the danger involved, causation, culpable state of mind for punitive damages, and to refute testimony of other defense witnesses and are routinely discovered in cases like this one." *Doc. 50* at 5–6. This statement, while not very illuminating, is clearly intended to apply to all topics noticed including Topics 33 and 39. It therefore does not constitute a complete failure to respond pursuant to the Local Rules. In addition, the burden rests with Defendant, as the moving party, to demonstrate good cause for a protective order. *See Benavidez*, 319 F.R.D. at 721. For these reasons the Court will consider Topic 33 on its merits.

Topic 33 asks about "Defendant's vehicle equipment requirements." *Doc. 39-2* at 3. Defendant D&E argues that this topic is "so vague as to not put D&E on reasonable

---

exact scope or relevance. As the moving party, however, Defendant D&E carried the burden of making this information available to the Court.

12

notice as to what information Plaintiff seeks." *Doc. 39* at 8.  Defendant also provides an extensive list of the equipment contained in the average tractor trailer, which includes such things as oil and coolant level indicators, air tanks, batteries, lamps, etc.  *Id*.

Defendant D&E's briefing demonstrates that the category of "Defendant's vehicle equipment requirements" is very broad, and that many of the pieces of equipment subsumed thereunder are not of any clear relevance to the case at hand.  The Court further notes that Plaintiff's complaint contains no assertions of equipment failure related to or causing the collision involving Plaintiff's vehicle.  *See generally doc. 1-1*.  Therefore, while some of Defendant's vehicle equipment requirements *may* be relevant to Plaintiff's claims, that fact is not obvious to the Court and has not been explained by Plaintiff.  Defendant D&E's motion for protective order is GRANTED with respect to Topic 33.

### F. <u>Defendant's Net Worth (38)</u>

Defendant D&E argues that Topic 38, which addresses "Defendant's net worth," is not relevant because Plaintiff is not entitled to punitive damages.  *Doc. 39* at 7.

This Court is persuaded by the approach of Judge Vidmar in *Montes v. Pinnacle Propane, L.L.C.*, 2016 WL 10179315, at *2–4 (D.N.M. Sep. 20, 2016) (unpublished).  "[I]f a plaintiff has alleged sufficient facts to claim punitive damages against a defendant, information of the defendant's net worth or financial condition is relevant because it can be considered in determining punitive damages." *Roberts v. Shawnee Mission Ford, Inc.*,

2002 WL 1162438, at *4 (D. Kan. Feb. 7, 2002) (unpublished) (internal quotation marks omitted). The party requesting the discovery generally does not need to "establish a prima facie case on the issue of punitive damages before it can obtain pretrial discovery of the other party's financial statements and tax returns." *Id*. (internal brackets omitted). "To discover a party's financial condition in light of a claim for punitive damages, requesting parties generally must show the claim for punitive damages is not spurious." *Id.* (citation omitted). A claim is not spurious if "*sufficient facts have been alleged* to make a claim for punitive damages." *Krenning v. Hunter Health Clinic, Inc.*, 166 F.R.D. 33, 34 (D. Kan. 1996) (emphasis added).

As Plaintiff recognizes, Defendant D&E can only be held liable for punitive damages for the misconduct of its employees if: "(1) corporate employees possessing managerial capacity engage in conduct warranting punitive damages; (2) the corporation authorizes, ratifies, or participates in conduct that warrants punitive damages; or (3) under certain circumstances, the cumulative effects of the conduct of corporate employees demonstrate a culpable mental state warranting punitive damages." *Doc. 60* at 11 (citing *Chavarria v. Fleetwood Retail Corp.*, 143 P.3d 717, 725 (N.M. 2006)). Plaintiff's Complaint lacks any allegation that would satisfy any of these theories of liability. *See generally doc. 1-1*. He makes no claim that the driver possessed any managerial capacity and he makes no claim about the conduct of any other corporate employee. *Id*. Beyond the conclusory assertions that Defendant D&E

14

negligently supervised the driver and negligently entrusted the vehicle to the driver, Plaintiff makes no claim about any act or omission by it, let alone one which could be considered authorizing, ratifying or participating in the driver's alleged negligence. *Id*. At most, Plaintiff makes the conclusory assertion that "Defendants' actions were also willful, wanton, reckless and grossly negligent. The egregious nature of Defendants' actions and the severity of the consequences suffered by Plaintiff entitle Plaintiff to pursue a claim for punitive damages[.]" *Id*. at 4. However, nowhere does Plaintiff identify what actions taken by Defendant D&E might qualify under this indictment.

Considering the allegations in the Complaint, Plaintiff's claim for punitive damages against Defendant D&E is insufficient to support the contested 30(b)(6) discovery topic. Of course, the broader matter of Plaintiff's punitive damages claims against the driver and Defendant D&E are before the Court on motions for summary judgment and for additional discovery under Fed. R. Civ. P. 56(d). *See docs. 42, 43, 44, 52, 54, 55, 58, 60, 61, 69, 71, 73*. Should the presiding judge deny the motion for summary judgment as to Defendant D&E or permit additional discovery on the issue, this ruling may be revisited. However, at this time, the Court will grant the protective order regarding discovery of Defendant D&E's net worth.

G.  **Defendant's Corporate Conduct Policies and Practices (39)**

For the reasons explained in conjunction with Topic 33, the Court declines to grant Defendant's motion as to Topic 39 summarily on the basis of a failure to respond, and will consider the issue on the merits.

Defendant D&E argues that Topic 39, which identifies for questioning "Defendant's corporate conduct policies and practices," *doc. 39-2* at 3, is "so broad that D&E could not reasonably prepare a witness to testify." *Doc. 39* at 8. The Court agrees. With nothing to indicate which particular policies and practices may be of interest, Defendant D&E cannot reasonably "identify . . . the areas of inquiry noticed." *See Steil*, 197 F.R.D. at 444. It is difficult to imagine how Defendant could adequately prepare its representative to give testimony without a clearer understanding of the questions that may be asked. Therefore, the Court finds that Topic 39 is not stated with reasonable particularity, and GRANTS Defendant's motion for protection.

IV.   **CONCLUSION**

For the foregoing reasons, Defendant D&E Transport, LLC's Motion for Protective Order and Notice of Non-Appearance Regarding Rule 30(b)(6) Deposition (*doc. 39*) is GRANTED IN PART and DENIED IN PART.

The motion for protective order is GRANTED with respect to Topics 23, 24, 25, 28, 33, 38 and 39 as listed in Plaintiff's notice of deposition. Should Plaintiff wish to address any related topics in his Rule 30(b)(6) deposition of Defendant D&E, he may

serve an amended notice of deposition in conformity with this Order and the Federal Rules of Civil Procedure.

Defendant's motion is DENIED as it pertains to Topics 11, 16, 17, 19, and 26.

Finally, the Court declines to award attorney fees or other expenses to either party. Pursuant to Fed. R. Civ. P. 37(a)(5)(C), it is within the Court's discretion to grant expenses when a motion is granted in part and denied in part. Here, because Defendant D&E's motion was granted with respect to approximately half the disputed topics, the Court finds it appropriate for each party to bear its own costs.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE