**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JOHN HEUSKIN,

Plaintiff,

vs. No. 19-CV-00957 MV/GBW

D&E TRANSPORT, LLC, and
LOOMAS BYRON IVEY,

Defendants.

**DEFENDANT LOOMAS BYRON IVEY'S MOTION FOR PROTECTIVE ORDER AND NOTICE OF NON-APPEARANCE**

Defendant Loomas Byron Ivey ("Ivey"), by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 26(c) and Local Rule 30.2, respectfully requests that this Court enter a Protective Order with respect to the untimely-noticed deposition of Ivey and hereby provides notice that Ivey will not appear for the Zoom deposition on August 7, 2020. As grounds therefor, Ivey states as follows[1]:

## I. Timeline and Procedural Background

Plaintiff John Heuskin filed this case in state court in June 2019, following a December 30, 2018, rear-end collision. Defendant Ivey removed the case to federal court on October 11, 2019. (Doc. 1). A Rule 26(f) meeting was held telephonically on November 6, 2019, at 11:00 a.m. (Doc. 15); *see also* Fed. R. Civ. P. 26(d)(1) (noting that discovery may be served following the Rule 26(f) meet and confer). The Court entered an Order Setting Pretrial Deadlines and Briefing Schedule on December 11, 2019, and imposed a discovery termination date of June 8, 2020. (Doc.

[1] Pursuant to Local Rule 7.1(a), the undersigned sought Plaintiff's position on this motion before filing. Given the lateness of the hour and the short turn-around time caused by Plaintiff's untimely notice of deposition, it is assumed Plaintiff's counsel did not have an opportunity to respond before this Motion was filed. Therefore, Defendant assumes this Motion is opposed.

17 at 2). On June 3, 2020, the Court granted the parties' Joint Motion to Extend Time to Take Depositions, and extended the deadline to take depositions through and including August 7, 2020. (Doc. 76).

On July 30, 2020, Plaintiff served a Notice of Deposition to take Ivey's deposition on August 7, 2020 (attached hereto as **Exhibit A**). Plaintiff served the attached Notice despite the fact that, over three weeks earlier (on July 8) Defendants had served a Notice of Deposition for Plaintiff's expert, Carlos Jaramillo, also for August 7, 2020 (attached hereto as **Exhibit B**). In fact, Plaintiff was entirely unresponsive during the process of setting Dr. Jaramillo's deposition, and Defendants had Dr. Jaramillo personally served with a subpoena on July 13, 2020 (Proof of Service attached hereto as **Exhibit C**). To date, no notice of non-appearance or motion for protective order has been filed with respect to Dr. Jaramillo's deposition, and the time to file such a motion has passed. Counsel for Defendants intends to proceed with Dr. Jaramillo's deposition.[2]

## II. Standard of Review

Pursuant to Federal Rule of Civil Procedure 26(c)(1), the Court "may, for good cause, issue an order to protect a party or person from . . . oppression, or undue burden or expense, including . . . (A) forbidding the disclosure or discovery . . . ."

## III. Argument

Good cause exists here. The Court should grant Ivey's Motion for three reasons: first, Plaintiff's notice of deposition is untimely; second, no excusable neglect would exist to extend the time for Plaintiff to take Ivey's deposition even if Plaintiff sought such relief; and third, Dr.

[2] A paralegal employed by Plaintiff's counsel emailed on July 24, 2020, the last day to serve notices for deposition pursuant to Local Rule 30.1, and stated, summarily, that Dr. Jaramillo is "not available" on August 7, 2020. The undersigned confirmed with Plaintiff's counsel that Plaintiff's counsel does not represent Dr. Jaramillo. To date, Dr. Jaramillo has neither contacted the noticing attorney nor otherwise provided any information explaining the alleged unavailability.

Jaramillo's previously-scheduled, timely-noticed and properly-subpoenaed deposition conflicts with the date noticed for Ivey's deposition.

Local Rule 30.1 provides that "[s]ervice of notice of deposition in accordance with FED. R. CIV. P. 30(b) must be made at least fourteen (14) days before the scheduled deposition." While the time for serving notice "may be shortened by agreement of all parties or by Court order," no such agreement or order exists in this case.

In this case, Plaintiff served a notice of deposition eight (8) calendar days before the scheduled deposition, if one includes the date of the deposition. This hardly constitutes appropriate notice.

More troublingly, however, Plaintiff appears to be playing games with the Court's Scheduling Order. Under the Local Rule, the last day to timely serve a notice of deposition was July 24, 2020. *See* D.N.M.LR-Civ. 30.1. Plaintiff did not serve a notice of deposition for Ivey on or prior to that date. Instead of moving the Court for an extension of the discovery deadline and attempting to show good cause or excusable neglect for Plaintiff's unilateral delay, Plaintiff instead claimed a heretofore unknown and unsubstantiated "unavailability" of a designated expert and attempted to serve an untimely notice of deposition on Ivey. The reason for this decision is clear: over six weeks ago, defense counsel cooperated with Plaintiff to set the Rule 30(b)(6) deposition of Defendant D&E Transport, LLC, and simultaneously offered up dates for Ivey's deposition (email correspondence attached as **Exhibit D**). ***Plaintiff never responded with respect to Ivey's deposition***. Plaintiff simply waited until *after* the deadline and sent a notice, knowing that the date was already taken. This pattern eliminates any colorable argument that Plaintiff made good faith attempts to comply with this Court's deadlines or that his failure to meet the Court's deadlines constitute excusable neglect. Any attempt to now cry "foul" rings hollow when struck against the

cold letters on the page. Unfortunately, Plaintiff's discovery gamesmanship has yet again necessitated motion practice.

Ivey has been prejudiced by Plaintiff's conduct. Ivey made himself available for a deposition, as requested by Plaintiff, and was left flapping in the wind due to Plaintiff's unresponsiveness and lack of diligence. Plaintiff now seeks to force Ivey to change his schedule on extremely short notice, solely due to Plaintiff's neglect and lack of diligence. This, too, prejudices the Defendant. Ivey would be prejudiced by further extending the discovery deadlines and delaying the dispositive motions deadline. Ivey has met his obligations in this case. He should not be subjected to ever-changing end-dates because Plaintiff failed to do the same.

Finally, defense counsel attempted to confer in good faith with Plaintiff to set depositions of, among other individuals, Plaintiff's experts. *See* Exh. D. Plaintiff never responded. Instead of conferring in good faith, Plaintiff took the extraordinary step of ignoring defense counsel's attempts to schedule dates, and instead forced defense counsel to unilaterally pick a date, set the deposition, and have Dr. Jaramillo served by hand. *See* July 7, 2020 email communication, attached hereto as **Exhibit E**[3]; *see also* Exh. C. To date, Dr. Jaramillo has not contacted defense counsel, either individually or through his own counsel, or otherwise filed a notice of non-appearance with respect to the August 7, 2020 deposition. Accordingly, the deposition will proceed

[3] When a paralegal in Plaintiff's counsel's office indicated that Plaintiff's counsel would not be available on August 3rd or August 5th, defense counsel immediately adjusted and agreed to set the depositions of three treating providers on August 6th to accommodate Plaintiff's counsel's schedule and obtain the necessary deposition testimony within the time agreed by the parties and prescribed by the Court. Plaintiff's counsel did not provide dates for Plaintiff's experts for more than two additional weeks, outside the time to timely notice a deposition. In an unsolicited show of good faith, defense counsel agreed to extend deadlines if notified before deposition subpoenas went out, but received no such notification. To date, no motion to extend has been filed. In a stunning, though perhaps unsurprising, scheduling miracle, Plaintiff's counsel became available for a deposition of Dr. Jaramillo on August 5th, but unilaterally attempted to limit that deposition to four (4) hours. Given the earlier representation that Plaintiff's counsel was unavailable on August 5th, defense counsel did not hold that date open and is not available.

as scheduled. The Court should protect Ivey from appearing at a deposition when his attorney is otherwise engaged in an expert deposition in the same case, when the notice comes far too late in the game, and when – considering the other commitments in this case – there would be effectively no time for defense counsel to prepare Ivey to testify. Plaintiff's neglect should not be indulged to the detriment and prejudice of Defendants who have played by the rules.

It is axiomatic that "cases can move efficiently through the federal system only when courts take the initiative and impose and enforce deadlines." *Beller ex rel. Beller v. United States*, 221 F.R.D. 689, 693 (D.N.M. 2003) (citing Advisory Committee Notes to Fed.R.Civ.P. Rules 16, 26). The Court should enforce the deadlines it imposed in this case.

## IV. Conclusion

As explained above, Defendant Loomas Byron Ivey moves the Court for a protective order. The Court should protect Ivey from appearing for a deposition that was untimely noticed and set at a time when his counsel is unavailable due to a previously scheduled deposition in this case.

Respectfully submitted,

**HARTLINE BARGER, LLP**

By: */s/ Mary E. Jones*
Laura K. Vega
Mary E. Jones
500 Marquette NW, Suite 770
Albuquerque, NM 87102
Phone: (505) 336-5305
lvega@hartlinebarger.com
mjones@hartlinebarger.com

Donald A. DeCandia DDecandia@hartlinebarger.com
141 E. Palace Avenue
Garden Level, Suite 2
Santa Fe, NM 87501
Phone: 505-336-5291
ddecandia@hartlinebarger.com

Peter C. Blomquist (*Admitted Pro Hac*)
Daniel R. Erwin (*Admitted Pro Hac*)
Hartline Barger LLP
1980 Post Oak Blvd., Suite 1800
Houston, Texas 77056
Phone: (713) 759-1990
Fax: (713) 652-2419
pblomquist@hartlinebarger.com
derwin@hartlinebarger.com
*Attorneys for Defendants D&E Transport, LLC and Loomas Byron Ivey*

WE HEREBY CERTIFY that on the 31st day of July, 2020, we filed the foregoing electronically through the CM/ECF system, which caused the following counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Noah Wexler
Samantha Demuren
Arnold & Itkin, LLP
6009 Memorial Drive
Houston, TX 77007
Email: nwexler@arnolditkin.com
sdemuren@arnolditkin.com
JAITeam@arnolditkin.com
e-service@arnolditkin.com

**HARTLINE BARGER LLP**

By: */s/ Mary E. Jones*
　　Mary E. Jones