IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOHN HEUSKIN,

    Plaintiff,

v.                                                       Civ. No. 19-957 MV/GBW

D&E TRANSPORT, LLC and
LOOMAS BYRON IVEY

    Defendants.


**ORDER DENYING DEFENDANT IVEY'S MOTION FOR PROTECTIVE
ORDER AS MOOT AND GRANTING PLAINTIFF'S MOTION TO EXTEND
DISCOVERY AND COMPEL DEPOSITION OF DEFENDANT IVEY**

THIS MATTER comes before the Court on Defendant Ivey's Motion for Protective Order and Notice of Non-Appearance and Plaintiff's Motion to Extend Discovery Deadline and Compel Deposition of Defendant Ivey. *Docs. 84*, *87*. Having read the Motions and the parties' briefs (*docs. 84*, *85*,[1] *87*, *90*, *93*) and having heard oral

---

[1] The Court notes that Plaintiff's Response to Defendant Ivey's Motion for Protective Order and Notice of Non-Appearance violated Local Rules 10.5 & 10.6. The 85 pages of exhibits Plaintiff attached to his Response exceeded the 50-page exhibit limit imposed by Local Rule 10.5 and Plaintiff did not obtain the requisite agreement from Defendants or leave from the Court to do so. *See* D.N.M.LR-Civ. 10.5. Plaintiff also did not highlight any part of these exhibits, *see* D.N.M.LR-Civ. 10.6, despite the Court advising him of the need to do so in its initial scheduling order. *See doc. 7* at 3. Plaintiff's exhibits would have been under the page limit if he had formatted each email chain as a distinct exhibit and highlighted and pin cited to specific pages in that exhibit – rather than reproducing the each email chain in its entirety as separate exhibit for each email added to it (thereby reproducing the same emails several times in his exhibits). Moving forward, Plaintiff will comply with the local rules or face sanctions.

1

arguments (*doc. 102*), the Court DENIES Defendant Ivey's Motion as moot and GRANTS Plaintiff's Motion to Extend Discovery.

## I.     BACKGROUND

Plaintiff John Heuskin and Defendant Loomas Byron Ivey were involved in a tractor trailer accident on Interstate 40 in New Mexico on December 30, 2018. In June 2019, Plaintiff filed a negligence action against Defendants Ivey and D&E Transport, LLC in state court. *See doc. 1*. On October 11, 2019, Defendants removed the case to federal court. *Id.* On December 11, 2019, the Court set the initial discovery deadline for June 8, 2020. *Doc. 17* at 2. On June 3, 2020, upon joint motion by the parties, the Court extended the deadline to conduct depositions through August 7, 2020. *Docs. 75, 76*. The parties, however, failed to find a mutually agreeable date for the deposition of Defendant Ivey before this deadline passed.

On November 26, 2019, Plaintiff first notified Defendants of his intent to depose Defendant Ivey in the parties' Joint Status Report and Provisional Discovery Plan. *Doc. 15* at 2. Later, on February 11, 2020, Plaintiff's counsel made his first request for a deposition date for Defendant Ivey. *Doc. 85-1*. After ten days had passed without a response, Plaintiff's counsel sent a follow-up email. *Doc. 85-2*. Again, he received no response about Defendant Ivey's availability for deposition. *See doc. 85-3*.

From the end of February 2020 until the beginning of May 2020, the parties' communication focused almost exclusively on scheduling the deposition of the

corporate representative for Defendant D&E Transport, LLC.  *See generally docs. 85-3*, *85-4*, *85-5*.  Amid this communication about the corporate representative's deposition, Plaintiff made a third request for deposition dates for Defendant Ivey.  *See doc. 85-8*.  Like the two requests that preceded it, this request never received an email response.[2]  *See doc. 85-9.*

In May 2020, Defendants largely ignored Plaintiff's repeated attempts to set specific deposition dates for Defendant Ivey.  On May 5, 2020, Plaintiff proposed deposing the corporate representative on May 28.  *Doc. 85-13.*  Three days later, he followed up about this proposal and asked to depose Defendant Ivey on that date as well.  *Doc. 85-14 at 2.*  Defendants responded by confirming their general availability for depositions during the last week of May.  *See doc. 85-15 at 3.*  On May 13, 2020, Plaintiff repeated his request to depose Defendant Ivey on May 28.  *Doc. 85-15 at 2.*  Six days later, Plaintiff inquired as to Defendant Ivey's availability for a deposition in Georgia on June 19.  *Doc. 85-16 at 2.*  Based on the record, Defendants do not appear to have responded to Plaintiff's specific proposals to depose Defendant Ivey on either May 28 or June 19.  *See docs. 85-15*, *85-16.*  They did, however, threaten to set the deposition dates for Plaintiff's expert witnesses unilaterally when it took Plaintiff more than five days to

---

[2] During oral argument, Defendant's counsel indicated that during phone calls that the parties had exchanged during this time during, Defendants explained to Plaintiff that they opposed deposing Defendant Ivey via remote video and opposed an in-person deposition due to the ongoing pandemic.  *See doc. 102 at 2.*  Plaintiff did not contest this statement.  *See id.*

respond to their first request for deposition dates. *Doc. 85-15* at 2. Plaintiff responded by proposing specific dates for the depositions of Plaintiff, his wife, and his experts. *Id.*

In June 2020, the parties conducted the deposition for the corporate representative but failed to set the deposition date for Defendant Ivey as Plaintiff never responded to Defendants' proposed dates. *See 85-18*. On June 15, 2020, Defendants proposed that Plaintiff depose Defendant Ivey on July 21 or July 24.[3] *Doc. 85-17* at 3. After two days passed without a response, Defendants followed up on their proposal. *Doc. 85-18* at 4. Plaintiff does not appear to have ever responded it. *See id*. at 2–4. Near the end of the month, Defendants followed up about the deposition dates for Plaintiff and his spouse and threatened to notice them unilaterally if they did not receive dates by the following day. *Doc. 85-19* at 3. Later that day, Plaintiff provided four dates at the end of July. *Id.* at 2.

At the beginning of July 2020, with the discovery deadline looming, the parties' cooperation began to fray. On July 7, 2020, Defendants agreed to depose Plaintiff and his wife on July 30 and 31 respectively. *Doc. 85-20* at 2. They also declared their intent to notice unilaterally Plaintiff's healthcare providers and experts for depositions on August 3-7. *Id.* at 3. Later that day, Plaintiff confirmed the depositions for August 4 and 6, advised Defendants that he was not available on August 3 or 5, and pledged to

---

[3] This communication appears to be the first time that Defendants proposed a date for Defendant Ivey's deposition.

4

respond with information about his experts' availability. *Id.* at 2. Two days later, Defendant unilaterally noticed the deposition of Dr. Jaramillo, one of Plaintiff's experts, for August 7. *Doc. 85-21.* Not once during this time did Plaintiff propose dates for Defendant Ivey's deposition or respond to the dates that Defendants had proposed earlier. *See generally docs. 85-20, 85-21.*

At the end of July and the beginning of August, with the discovery deadline fast approaching, the parties' cooperation collapsed. On July 24, 2020 – the last day in the discovery period on which a party could properly notice a deposition and more than two weeks after Defendants had noticed the deposition – Plaintiff informed Defendants that Dr. Jaramillo was unavailable on August 7 and proposed August 4 and August 11 as alternatives. *Doc. 85-22.* Plaintiff also asked to depose Defendant Ivey on either July 28 or August 3 and then later August 7 after Defendants rejected the initial dates without proposing alternatives. *Doc. 85-23* at 2–4. Defendants rejected this last date, again without proposing an alternative, as they insisted on deposing Dr. Jaramillo on that date despite his declared unavailability. *Id.* at 2. On July 30, 2020, after a week had passed without progress towards a mutually agreeable deposition date for Defendant Ivey, Plaintiff unilaterally and untimely[4] noticed the deposition for August 7. *See doc. 85*

---

[4] Local Rule 30.1 requires the service of notice at least fourteen days before a scheduled deposition. *See* D.N.M.LR-Civ. 30.1. Plaintiff served notice only eight days before the scheduled deposition.

5

at 6. The following day, Defendants filed their Motion for Protective Order and Notice of Nonappearance for this deposition. *See doc. 84*.

During the first week of August, Plaintiff proposed a joint motion to extend discovery. *See doc. 87-1 at 3*. Defendants, however, declined to agree. Rather, they offered to concur on a motion to extend discovery if it included "language that Defendants do not agree good cause or excusable neglect sufficient to warrant an extension . . . exists" and to allow limited deposition of Defendant Ivey for four hours on a Sunday. *See doc. 93-1 at 2–3*. Confronted with an impending discovery deadline, Defendant Ivey's nonappearance at the untimely-noticed deposition, and Defendants' refusal to extend the discovery deadline by stipulation, Plaintiff unilaterally moved to extend the discovery deadline and compel the deposition of Defendant Ivy. *See doc 87*.

## II.     ANALYSIS

Among the purposes of the modern discovery process is ensuring that parties obtain the information that they need to prepare for trial. *See Hickman v. Taylor*, 329 U.S. 495, 500–01 (1947). Courts, however, must exercise their discretion to balance this need with the competing public and private interests in resolving litigation expeditiously and protecting parties from its potential abuse. *See Murphy v. Deloitte & Touche Group Ins. Plan*, 619 F.3d 1151, 1164 (10th Cir. 2010). Exercising this discretion, the Court DENIES

Defendant Ivey's Motion for Protective Order as moot[5] and finds good cause to GRANT Plaintiff's Motion to Extend the Discovery Deadline and Compel Discovery of Defendant Ivey.

A.   *Standard of Review*

Under Federal Rule of Civil Procedure 16(b)(4), the Court may only modify its discovery schedule if good cause is shown. *See* Fed. R. Civ. P. 16(b)(4). Nonetheless, "total inflexibility is undesirable." *Summer v. Missouri Pacific R.R. System*, 132 F.3d 599, 604 (10th Cir. 1997) (citing *Hull v. Chevron U.S.A., Inc.*, 812 F.2d 584, 588 (10th Cir. 1987) and Fed R. Civ. P. 16 advisory committee's note). Courts have considered combinations of the following factors when determining whether a movant has good cause:

> (1) whether trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and (6) the likelihood that the discovery will lead to relevant evidence.

*Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987) (gathering cases).[6]

---

[5] Defendant Ivey sought a protective order to forbid Plaintiff from deposing him on August 7, 2020 because service of notice for this deposition was untimely and in violation of local rules. *See doc. 84* at 2–3 (citing D.N.M.LR-Civ. 30.1). That date passed without Defendant Ivey appearing for the deposition. As such, the Court finds that the issue of his appearance is moot. Insofar as the issuance of a protective order would be necessary to protect Defendant Ivey from sanction under Fed. R. Civ. P. 30(d)(1)(A)(i) and Local Rule 30.2, the Court finds that his nonappearance is not sanctionable because Plaintiff's service of notice for the deposition was untimely.

[6] Defendant Ivey argues that Plaintiff's Motion to Extend Discovery must also satisfy the excusable neglect standard of Fed. R. Civ. P. 6(b)(1)(B). *See doc. 93* at 9. Rule 6(b)(1)(B) applies when the original time or extension for completing an act has expired. *See Utah Republican Party v. Herbert*, 678 Fed. App'x 697, 700 (10th Cir. 2017). Plaintiff filed his motion to extend discovery on August 7, 2020, before the expiration of the discovery period. *See* Fed. R. Civ. P. 6(a)(1) (counting the last day for time periods

B. *Plaintiff Diligently Sought to Depose Defendant Ivey for Most of the Discovery Period*

In the Tenth Circuit and many of its sister circuits, the movant's diligence is the most paramount *Smith* factor. *See, e.g., Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014); *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011); *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000); *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). It "requires the movant to show the 'scheduling deadlines cannot be met despite [his] diligent efforts.'" *Gorsuch*, 771 F.3d at 1240 (quoting *Pumpco v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2018)). Plaintiff has made this showing. For twenty-eight out of the thirty-four weeks in the discovery period, he diligently attempted to schedule the deposition of Defendant Ivey on a date mutually agreeable to both parties, often with minimal assistance from Defendants who only twice proposed specific dates. *See generally docs. 85-2, 85-3, 85-8, 85-9, 85-15, 85-18, 85-23, 93-1.*

---

specified in the Federal Rules of Civil Procedure, any local rule, or any court order). The Court recognizes that as a practical matter, given the deposition notice requirements, Plaintiff's motion could be viewed as filed beyond the expiration of the deadline. The Court need not decide this nuanced question as it would find excusable neglect under Rule 6(b)(1)(B) for the same reasons as it finds good cause under Rule 6(b)(1)(A) and Rule 16(b)(4). *See Herbert*, 678 Fed. App'x at 700 (quoting *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10 Cir. 2014) (applying the *Gorsuch* standard for good cause under Rule 16(b)(4) to an analysis of good cause under Rule 6(b)(1)(A)).

8

During an eighteen-week period from the middle of February 2020 to the middle of June 2020, Plaintiff requested deposition dates from Defendants on at least five occasions. *See docs. 85-2*, *85-8*, *84-14* at 2, *85-15* at 2. Though, unlike Defendants, he did not respond to Defendants' lack of cooperation by threatening to notice the deposition unilaterally on a date that was convenient to him. *See supra* at 2–7. Nor did he follow up about these pending requests in every single bit of correspondence with Defendants, especially once the parties got bogged down in scheduling the deposition of the corporate representative for Defendant D&E Transport, LLC. *See generally docs. 85-3*, *85-4*, *85-5*. Still, the fact remains that Defendants did not respond to Plaintiff's repeated requests for a specific deposition date for Defendant Ivey until June 15, 2020, more than four months after Plaintiff made his first request. *See doc. 85-17* at 3. Insofar as the failure to schedule Defendant Ivey's deposition in February 2020 – May 2020 contributed to Plaintiff's present need for a modification, responsibility lies with Defendants, not Plaintiff.

Admittedly, for a six-week period from the middle of June 2020 until the end of July 2020, Plaintiff did not exercise diligence in scheduling Defendant Ivey's deposition. Defendants proposed specific dates for Defendant Ivey's deposition on June 15, 2020, three and a half months after Plaintiff's first request for them. *See docs. 85-2*, *85-17* at 3.

Plaintiff, however, never responded to their proposal.[7]  *See generally docs. 85-18*, *85-20*, *85-21*.  He did not contact Defendants about Defendant Ivey's deposition until July 24, 2020, the last day on which the Local Rules allowed him to lawfully notice this deposition.  *See doc. 85-23 at 3–4*.

Nonetheless, based on the totality of the discovery period, the Court finds that Plaintiff has exercised diligence in his pursuit of Defendant Ivey's deposition.  While Plaintiff could have unilaterally noticed the deposition of Defendant Ivey at any point during the discovery period, the Court will not penalize him for electing to continue to "confer in good faith regarding scheduling of depositions" as Local Rules require.  *See* D.N.M.LR-Civ. 30.1.  While Plaintiff did waste six weeks in June 2020 and July 2020 regarding Defendants' proposed deposition dates,[8] Defendants also took eighteen

---

[7] During oral argument, Plaintiff's counsel asserted that her firm did respond to Defendants' proposed dates before July 24, 2020 but could not direct the Court to its response in the record.  *See doc. 102* at 2–3.
[8] Plaintiff has failed to provide any explanation for this delay.  This failure, however, is not fatal to his motion for extension.  Citing the Tenth Circuit in *Strope v. Collins* and this Court in *Candelaria v. Molina Healthcare, Inc.*, Defendant Ivey argues otherwise, alleging that good cause "requires the moving party to show that it has been diligent in attempt to meet the dealings, which means that it must provide an adequate explanation for any delay." *Doc. 93* at 9 (citing 315 F. App'x 57, 61 (10th Cir. 2009) and No. 18-cv-725 WJ/GBW, ECF No. 44 at 8 (D.N.M. Sept. 24, 2019)).  The delay for which those courts sought an explanation, however, was not every delay during the pretrial period.  Rather, the focus was the time between a motion deadline and the late filing of that motion.  *See Strope*, 315 F. App'x at 61 (affirming the denial of a motion to amend a complaint because the movant failed to address the untimeliness of that motion); *Husky Ventures, Inc. v. B55 Investments, Ltd.*, 911 F.3d 1000, 1018–20 (10th Cir. 2006) (affirming the denial of two motions to amend counterclaims because the movant provided no arguments to justify the motions' tardy filing); *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1205 n. 4 (10th Cir. 2006) (observing in dicta, while affirming the denial of a motion to amend a complaint on the eve of trial, that Rule 16(b) requires the movant to show that it has been diligent in attempt to meet any deadlines); *Candelaria v. Molina Healthcare, Inc.*, No. 18-cv-725 WJ/GBW, ECF No. 44 at 8 (denying motions for class certification and discovery extension as the movant filed them after their respective deadlines and failed to provide an explanation for the delay in filing).  These cases are distinguishable from the instant issue which deals

10

weeks to respond to Plaintiff's request for specific dates of availability for this deposition. *See Summers*, 132 F.3d at 605–06 (overturning a district court for not extending the discovery deadline where the record showed no bad faith or willful omission on the part of the plaintiffs and that the defendant's actions had contributed, in part, to need for an extension).

C. *Outside Defendants' Opposition to an Extension, the Remaining* Smith *Factors Favor Plaintiff*

All the remaining *Smith* factors, except for Defendants' opposition, support extending discovery for the sole purpose of deposing Defendant Ivey. An extension will not disrupt trial because the Court has yet to schedule a trial date for the case. *See Summer*, 132 F.3d at 605 (finding no disruption to trial where the motion to extend discovery was filed eight days before its scheduled commencement).

Extending discovery to facilitate Plaintiff's deposition of Defendant Ivey is very likely to lead to relevant evidence. *See Herbert v. Lando*, 441 U.S. 153, 170 (1979) (holding that the relevancy of deposing a defendant publisher in a defamation case about his conduct and mental state could "hardly be doubted" even if the defendant was unlikely to admit to liable conduct in the deposition). Only Defendant Ivey can explain what happened just before his tractor trailer struck that of the Plaintiff and why a post-

---

with the longer-term process of accomplishing discovery within the allotted time period and a motion filed before its apparent deadline.

11

accident drug test mandated by the Department of Transportation was inconclusive. *See doc. 102* at 3.

While discovery has already exceeded the traditional sixth month period in this District, a short extension for the deposition of Defendant Ivey is unlikely to generate the need for additional discovery that prolongs the period yet again. Plaintiff has stipulated that deposing Defendant Ivey is unlikely to generate additional discovery requests. *Doc. 87* at 4. Even if it did, though, the Court has the authority to limit or prohibit any such discovery.

Finally, a short extension of the discovery period for the limited purpose of deposing Defendant Ivey exposes Defendant Ivey to little prejudice. True, unless the deposition takes place on a weekend, Defendant Ivey will face the inconvenience of rearranging his work schedule on somewhat short notice. However, such an inconvenience has been reasonably foreseeable to him since the case was filed over a year ago and is little different than the inconvenience to which Defendants subjected Plaintiff and his wife earlier this year. Defendants may also encounter some hassle in revising their dispositive motions – two of which have already been filed (*docs. 100, 101*) and the remainder of which are presumably well into the drafting process – in order to address any relevant information Defendant Ivey discloses in his deposition. The severity of this disruption, however, is limited by the fact that Defendant Ivey is their

client and therefore unlikely to reveal any information during his deposition that Defendants could not have discovered earlier with due diligence.

### III.    CONCLUSION

For the foregoing reasons, the Court DENIES Defendant Ivey's Motion for Protective Order as moot (*doc. 84*) and GRANTS Plaintiff's Motion to Extend Discovery and Compel (*doc. 87*). Plaintiff has not only sought the deposition of Defendant Ivey with diligence for most of the deposition period, but is also likely to learn relevant, otherwise undiscoverable information from this deposition. As a short extension to the deposition deadline does not unduly postpone trial or unfairly prejudice Defendant Ivey, there is good cause to grant it. *See Smith*, 834 F.2d at 169.

The deadline for conducting depositions is hereby EXTENDED to **October 2, 2020** for the limited and sole purpose of Plaintiff deposing Defendant Ivey over Zoom for **no longer than five hours**. The deadline for substantive motions is similarly EXTENDED to **the date that falls three weeks after the date of Defendant Ivey's deposition**. Plaintiff, with Defendants' concurrence, is hereby ORDERED to notice the Court of the date for this deposition once notice for it has been served.

Finally, the Court declines to award attorney fees or other expenses to either party. Pursuant to Fed. R. Civ. P. 37(a)(5)(B), the Court finds Plaintiff's untimely service of notice for the deposition of Defendant Ivey substantially justifies Defendant Ivey's Motion for Protective Order against it. Pursuant to Fed. R. Civ. P. 37(a)(5)(A)(ii), the

Court also finds that Plaintiff's inaction with respect Defendant Ivey's deposition in June 2020 and July 2020 substantially justifies Defendant Ivey's opposition to Plaintiff's Motion to Extend and Compel. The parties shall bear their own costs.

**IT IS SO ORDERED**

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE